**In re Ewert J. WILSON, Linda Wilson, Debtors.**

No. 03–11626.

United States Bankruptcy Court, W.D. Kentucky.

Feb. 6, 2006.

316

George A. Gallenthin, III, Gallenthin and Associates, Philadelphia, PA, for Debtor.

### MEMORANDUM–OPINION

JOAN L. COOPER, Bankruptcy Judge.

This matter came before the Court on the Motion of Debtors Ewert J. Wilson and Linda Wilson ("Debtors") for an Order Granting Homestead Exemption and the Objection thereto of Creditor Anthony Wilson ("Wilson"). An evidentiary hearing was held on the matter on November 16, 2005, and post-trial briefs were submitted by the Debtors and Wilson. For the following reasons, the Court DENIES Debtors' Motion for an Order Granting Homestead Exemption.

### FACTS AND PROCEDURAL HISTORY

On July 28, 2003, Debtors filed a Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. Debtors listed their residence as 109 Burkesville Road, Albany, Kentucky, on the Petition. No homestead exemption was claimed on Schedule C to the Petition.

On August 20, 2003, Debtors moved to convert the case from a Chapter 13 proceeding to one under Chapter 11 of the United States Bankruptcy Code. On September 15, 2003, the Court entered an Order converting the case to a Chapter 11 proceeding. The Debtors' Chapter 11 Petition listed their residence as 109 Burkesville Road. No homestead exemption was claimed on Schedule C to the Chapter 11 Petition.

On April 23, 2004, the case was converted to a Chapter 7 case. The Chapter 7 Petition listed the Debtors' residence as 109 Burkesville Road, Albany, Kentucky. No homestead exemption was claimed on Schedule C to the Petition.

On July 28, 2005, the Chapter 7 Trustee, Jerry Burns, filed a Motion to Sell Non–Exempt Assets, Including Real Estate, Oil and Gas Leases, Patents and Heavy

Equipment. In the Motion, the Trustee indicated he had been offered the sum of $15,000 by Wilson, the son of Debtor Ewert J. Wilson, for the non-exempt equity in all of the assets of the bankruptcy estate. The Motion was noticed by the Court for objections, but no objections were filed to the Trustee's Motion. On August 22, 2005, the Court entered an Order granting the Trustee's Motion to Sell Non–Exempt Assets Including Real Estate, Oil and Gas Leases, Patents and Heavy Equipment.

On September 7, 2005, the Debtors filed their Motion for Order Granting Homestead Exemption requesting that the Court grant the Debtors a homestead exemption in the real estate known as "the farm" more fully described at DB 125, Page 63, DB 125, Page 56, DB 125, Page 59 and DB 125, Page 52 filed at the Clinton County Courthouse.

On October 4, 2005, Wilson filed an Objection to Motion for Order Granting Homestead Exemption. The basis of that Objection was that the property listed was not the residence of the Debtors.

On November 16, 2005, the Court held an evidentiary hearing on the Debtors' Motion for an Order Granting Homestead Exemption. At that hearing, Wilson established that the Deeds referenced in the Debtors' Motion were purportedly conveyed to the Debtors post-petition by various corporate entities in which Debtor Ewert Wilson had an interest. None of these transfers had prior Court approval. Furthermore, the Debtors had no interest in the referenced properties on the date of the filing of their Petition.

At the hearing, the evidence established that Debtor Ewert Wilson is currently residing in a nursing home in Burkesville, Kentucky. Over the years, he has owned two houses, one which is considered "the farm" and another at Spring Creek Air-

park. The Spring Creek Airpark property was referred to as the "party house". The building on "the farm" has been used as offices for the Debtors' various oil companies. When the Debtors entertained, they did so at the party house, not the farm. Neither of the Debtors permanently and continuously lived at the farm property either before or after the date of their initial Petition.

### LEGAL ANALYSIS

█] Debtors seek by way of this Motion, as articulated by their counsel at the evidentiary hearing, actual possession of the property referenced in the Motion for Order Granting Homestead Exemption. The Court is mystified by this request, which for any number of reasons, cannot be granted.

At the time that Debtors filed their initial Petition seeking relief under Chapter 13 of the United States Bankruptcy Code, the Homestead Exemption was contained in KRS 427.060. That statute allowed an exemption not to exceed $5,000 in value in real or personal property "that such debtor uses as a permanent residence in this state ...." There was no evidence presented at the evidentiary hearing to establish that the parcels of property referenced in the Debtors' Motion served as the permanent residence of the Debtors.

Furthermore, each of the Debtors' Petitions listed their residence as property located on Burkesville Road, not the property Debtors seek to exempt. Debtors cannot simply designate a parcel of property that they one day hope to make their residence as the property to be exempt.

█ Secondly, the homestead exemption was not properly raised by the Debtors. Under Kentucky law applicable at the time this proceeding was filed, the right of a debtor to a homestead exemp-

tion vested on acquisition of property and could be claimed at any time thereafter by a debtor who qualified for the exemption. *In re Lynch,* 187 B.R. 536, 539 (Bankr. E.D.Ky.1995). The problem here is that the property Debtors seek to exempt does not qualify for the exemption. Additionally, on Schedule C to each of the Voluntary Petitions filed by the Debtors, Debtors simply stated, "employment of exemptions under 11 U.S.C. § 522(d) to be determined in the bankruptcy plan." Debtors never moved to amend Schedule C to assert the exemption. This is simply not sufficient to put creditors on notice of specific exemptions to be raised in the case.

 Third, the property at issue is not even owned by the Debtors' estate. Debtors' counsel apparently believes Debtors would be entitled to possession of the property by claiming the homestead exemption. Even if the homestead exemption were properly claimed in the subject property, which it is not, Debtors would still not be entitled to possession of the property. All of the Debtors non-exempt assets were sold and approved by this Court without any objection by the Debtors. Debtors therefore, do not even have standing to claim an exemption in the subject property.

Finally, Debtors attempted to have the property conveyed to them post-petition without Court approval by various entities in which Debtor Ewert Wilson owned an interest. Since these transactions were post-petition and not approved by the Court, they are without effect. Accordingly, Debtors do not have standing to assert any sort of an exemption in the subject property.

## CONCLUSION

For all of the above reasons, Debtors' Motion for an Order Granting Homestead Exemption must be **DENIED.** An Order accompanies this Memorandum–Opinion.

## ORDER

Pursuant to the Memorandum–Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Debtors Ewert and Linda Wilson for an Order Granting Homestead Exemption, be and hereby is, **DENIED.**